UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DARRYL DANIELS,<br><br>    Plaintiff,<br><br>    v.<br><br>NATIONAL RECOVERY AGENCY, LLC<br><br>    Defendant. | Case No.:  5:16-CV-708 (GLS/TWD)<br><br>CIVIL COMPLAINT<br><br>AND<br><br>JURY TRIAL DEMAND |

## CIVIL COMPLAINT AND JURY TRIAL DEMAND

Plaintiff, Darryl Daniels, on behalf of himself (hereinafter "Plaintiff"), by and through his undersigned attorney, alleges against the National Recovery Agency, LLC (hereinafter "Defendant") as follows:

## PRELIMINARY STATEMENT

1. This is an action for damages arising from Defendant's violations of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURSIDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. §1692k (d)

3. Venue is proper in this district under 28 U.S.C § 1391(b).

## PARTIES

4. Plaintiff, Darryl Daniels, is a natural person, who at all relevant times has resided in the city of North Syracuse, Onondaga County, State of New York, and is a "consumer" as defined by 15 U.S.C. § 1692a(3).

5. Defendant, National Recovery Agency, LLC, is incorporated and doing business in the State of Pennsylvania, with its corporate mailing address as 4201 Crums Mill Road, Harrisburg, PA 17112, and is a "debt collector" as defined by 15 U.S.C § 1692a(6).

## FACTUAL STATEMENT

6. On or around June 18, 2015, Plaintiff ran his credit report and saw multiple trade lines populated by Defendant.

7. Two (2) of the trade lines in question advised that the alleged debts stems from two (2) "Medical" accounts with both accounts having an outstanding balance of $90.00.

8. On August 25, 2015, Plaintiff caused a written letter to be via facsimile to Defendant disputing all alleged debts, inclusive of but not limited to, the alleged debts currently on Plaintiff's credit report, with Defendant.

9. On November 6, 2015, Plaintiff reviewed his credit report again and noticed Defendant had updated his credit report two (2) months after receiving this dispute letter, yet failing to mark the alleged debts as "disputed" on his credit report.  Nor had Defendant provided Plaintiff with any documentation to support the validity of the debts.

10. To date, Defendant has furnished no documentation, or any other evidence, to Plaintiff in order to affirm Defendant's position that these are valid debts. Defendant has failed to mark the trade lines as one in "dispute." Plaintiff maintains his position that the debts are in dispute.

# COUNT I
# VIOLATION OF THE FAIR DEBT COLECTIONS PRACTICES ACT
# 15 U.S.C. §1692(e)(8)

11.     Plaintiff repeats and realleges the allegation contained in paragraphs 1 through 10 above and incorporates them as if set forth specifically herein.

12.     On or around June 18, 2015, Plaintiff ran his credit report and saw two (2) trade lines populated by Defendant.

13.     The trade lines in question advised that the alleged debts stems from two (2) "Medical" accounts with both accounts having an outstanding balance of $90.00.

14.     On August 25, 2015, Plaintiff sent a written letter via facsimile to Defendant disputing all alleged debts, inclusive of but not limited to, the alleged debts currently on Plaintiff's credit report, with Defendant.

15.     On November 6, 2015, Plaintiff reviewed his credit report again and noticed Defendant had updated his credit report two (2) months after receiving this dispute letter, yet failing to mark the alleged debts as "disputed" on his credit report.  Nor had Defendant provided Plaintiff with any documentation to support the validity of the debts.

16.     To date, Defendant has furnished no documentation, or any other evidence, to Plaintiff in order to affirm Defendant's position that these are valid debts. Defendant has failed to mark the trade lines as one in "dispute." Plaintiff maintains his position that the debts are in dispute.

17.     Defendant was put on effective notice that the alleged debts due and owing were disputed by Plaintiff. Defendant failed to mark the accounts as disputed on Plaintiff's credit report and further failed to take any proactive steps to provide evidence that the debts are valid.

18.     With the failure to remove the NRA trade line, or with the failure to mark same as disputed, Plaintiff's credit score, a benchmark for near all facets of life in today's society, is artificially deflated.

19.     Defendants failures are in direct contravention of 15 U.S.C. §1692(e)(8), wherein it is a violation of federal law to fail to communicate that an alleged debt is disputed.

20.     As a direct result of Defendant's actions, Plaintiff has been damaged.

## JURY TRIAL DEMAND

21.     Plaintiff demands a trial by jury on all issues so triable.

## RELIEF

WHEREFORE, Plaintiff, Darryl Daniels, requests that this Court enter judgment against the Defendant, and on behalf of Plaintiff for the following:

a.      That an order be entered declaring the Defendant's actions, as described above, in violation of the FDCPA;

b.      That judgment be entered against the Defendant for actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

c.      That judgment be entered against the Defendant for statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A) and (B), in the amount of $1,000.00;

d.      That the court award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k (a)(3):

e.      That the Court grant such other and further relief as may be just and proper.

Dated this 15th Day of June, 2016

                                          Respectfully Submitted,

                                          s/ Matthew T. Sheffield                /
*Attorney for Plaintiff*
Matthew T. Sheffield, Esq.
Bar No. 518910
Law Offices of Michael Lupolover, P.C.
120 Sylvan Ave, Suite 300
Englewood Cliffs, NJ 07632
(T) (201) 461-0059
(F) (201) 608-7116
(E) ms@lupoloverlaw.com